## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

**STACY COYLE,**

            **Plaintiff,**

-vs-                                                Case No.
                                                      HON.

**MATTHEW THOMAS & ASSOCIATES, LLC,**

            **Defendant.**

_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (P48617)
Attorney for Plaintiff
30600 Telegraph Rd., Suite 1350
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
brianparker@collectionstopper.com
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff **STACY COYLE,** (Plaintiff), by and through counsel, brings this action against the above listed Defendant, **MATTHEW THOMAS & ASSOCIATES, LLC** (Defendant or MTA), on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

Plaintiff brings this action for damages based upon the Defendant's violations of the Fair Credit Reporting Act (herein after referred to as FCRA, 15 U.S.C. 1681 *et. seq* and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* Plaintiff seeks statutory damages, actual damages, costs and attorney's fees.

## II. PARTIES

1.

The Plaintiff is a natural person and consumer, a resident of Oakland County, State of Michigan, and a consumer as defined by 15 U.S.C. 1681a(c) and 15 U.S.C. 1692a(3).

2.

The Defendant **MATTHEW THOMAS & ASSOCIATES, LLC (MTA)** is a debt collector and debt buyer of charged off debts and a foreign corporation located in the State of Kansas. Defendant is doing business in the State of Michigan. Their resident agent is located in the State of Kansas.

## III. JURISDICTION AND VENUE

3.

This court has subject matter jurisdiction over this Complaint pursuant to the FCRA, 15 U.S.C. 1681 *et seq.*, 15 U.S.C. 1692 *et seq.*, 28 U.S.C. 1331 and 28 U.S.C. 1367.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

4.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. 1692.

5.

Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

6.

Under the FDCPA, debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

7.

Under the FDCPA, debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

8.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

9.

A debt collector may not violate the FDCPA, 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys 'fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

## V. FACTUAL ALLEGATIONS

10.

Since December of 2012, Plaintiff has been receiving harassing calls and threats from Defendant to pay a debt that Defendant claims she owes. Plaintiff refused to pay but Defendant

threatened her with a lawsuit and garnishment and calls to her workplace if she did not make payment arrangements on the debt. **Please see Attached Exhibit 1**.

11.

Plaintiff agreed to pay Defendant once a month at the end of each month after the calls to her workplace started. She informed Defendant MTA to please stop calling her workplace as she was prevented from receiving personal calls in her workplace.

12.

The calls to Plaintiff's workplace as well as to her co-workers have continued. Defendant is also attempting to charge her debit card more than once a month beyond the original authority granted to Defendant by Plaintiff. **Please see Attached Exhibit 1 and 2**.

13.

On March 13, 2013, Plaintiff sent Defendant a cease and desist/validation letter via fax which they received. She sent the same letter certified, which Defendant also received. On March 18, 2013, Defendant resumed calling Plaintiff at her workplace. **Please see Attached Exhibit 3**.

14.

Plaintiff is unable to get Defendant to stop calling her workplace and fears she will be reprimanded at work. One message Defendant left prior to Plaintiff's mailing the cease and desist letter stated that Defendant Terry Edwards with Matthew Thomas and Associates called asking for the name of Plaintiff's attorney. **Please see Attached Exhibit 4**.

15.

Even though the debt has not been verified or validated as requested, Defendant continued to call Plaintiff at work. **Please see Attached Exhibit 1**.

16.

Under FDCPA, 15 U.S.C. 1692c(a) **(3)** a debt collector shall not contact the debtor at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

17.

As a result of Defendants' wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

## VI. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

18.

Defendant violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a. Defendant violated 15 U.S.C. 1692c(a)(3) by contacting Ms. Coyle at work when they were told to stop and that she could not receive personal calls at work;

b. Defendant violated 15 U.S.C. 1692e(11) by failing to provide Plaintiff with the information that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose when calling Plaintiff;

c. Defendant violated 15 U.S.C. 1692e(10) with the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer without following the FDCPA;

d. Defendant violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt as stated above and in **Exhibit 1**; and

e. Defendant violated 15 U.S.C. 1692c(c) by contacting the Plaintiff after receiving a cease

and desist letter from Ms. Coyle at **Exhibit 1**;

f.  Defendant violated 15 U.S.C. 1692e(1) with the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law as stated above.

**WHEREFORE**, Plaintiff seeks judgment against Defendant for:

a.  Statutory damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b.  Actual damages;

c.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d.  Such further relief as the court deems just and proper.

### Count 2-Michigan Collection Practices Act (MCL 445.251 et seq.) (MCPA)

19.

Defendant is a collection agency under MCL 445.251(b). The subject lawsuit is a claim or debt under MCL 445.251(a). Plaintiff is a debtor under MCL 445.251(d).

20.

Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a.  Defendant violated MCLA 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt as mentioned above;

b.  Defendant violated MCLA 445.252(a) communicating with a debtor in a misleading or deceptive manner as mentioned above;

c.  Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed

to prevent a violation by an employee under the MCPA; and

d. Defendant has violated MCLA 445.252 (i) by communicating information relating to a debtor's indebtedness to an employer or an employer's agent unless the communication is specifically authorized in writing by t he debtor subsequent to the forwarding of the claim for collection, the communication is in response to an inquiry initiated by the debtor's employer or the employer's agent, or the communication is for the purpose of acquiring location information about the debtor as stated above.

**Wherefore**, Plaintiff seeks judgment against Defendants for:

a. Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257;

b. Statutory damages of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257;

c. Humiliation, annoyance, embarrassment, emotional and stress damages, and

d. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:
A. Compensatory damages and actual damages under the FDCPA and MCPA;
B. Statutory damages under the FDCPA and MCPA;
C. Attorney fees and costs incurred in this action pursuant to the FDCPA and MCPA;
D. Actual damages under the FDCPA and MCPA:
E. Demand that the case be tried before a Jury;
F. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: April 8, 2013
/s/ Brian Parker
BRIAN PARKER (P48617)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

STACY COYLE,

                    Plaintiff,

-vs-                                              Case No.
                                                   HON.

MATTHEW THOMAS & ASSOCIATES, LLC,

                    Defendant.
_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (P48617)
Attorney for Plaintiff
30600 Telegraph Rd., Suite 1350
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
brianparker@collectionstopper.com
WWW.COLLECTIONSTOPPER.COM
_____/

## PROOF OF SERVICE

The undersigned certifies that on April 8, 2013, she e-filed Complaint and Demand For Jury along with this Proof of Service via ECF with the Eastern District of Michigan Southern Division.

Dated: April 8, 2013                                         /s/ Dana Powers
                                                                         Dana Powers